J. S71001/15

NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
v. :
:
TERENCE BAXTER, : No. 465 WDA 2014
:
Appellant :


Appeal from the PCRA Order, January 21, 2014,
in the Court of Common Pleas of Allegheny County
Criminal Division at No. CP-02-CR-0006336-1989


BEFORE: FORD ELLIOTT, P.J.E., SHOGAN AND OTT, JJ.


MEMORANDUM BY FORD ELLIOTT, P.J.E.: **FILED FEBRUARY 03, 2016**

Terence Baxter appeals, **_pro se_**, from the order of January 21, 2014, dismissing his second PCRA[1] petition on the basis of untimeliness. We affirm.

We summarized the history of this matter in a previous decision, affirming dismissal of appellant's first PCRA petition:

> On January 26, 1990, a jury convicted [appellant] of burglary, 18 Pa.C.S. § 3502. The charges arose from an incident that occurred in the early morning hours of May 11, 1989. At that time [appellant] broke into the house of an off-duty Pittsburgh police officer. The victim awakened and attacked [appellant], causing him to flee the scene. The victim later testified that he discovered that money was missing from his wallet. [Appellant] was apprehended after the victim identified him from a

---

[1] Post-Conviction Relief Act, 42 Pa.C.S.A. §§ 9541-9546.

photo array. The victim also identified [appellant] at trial.

On June 29, 1990, the trial court denied post-trial motions and entered the judgment of sentence, imposing a term of 5 to 20 years' imprisonment. [Appellant] filed a direct appeal, and this Court affirmed the judgment of sentence on August 28, 1991. The Supreme Court denied *allocatur* on April 9, 1992. [Appellant] filed the instant PCRA petition, his first, on December 18, 1996. Counsel was appointed and filed an amended petition on August 20, 1997. As stated, this petition was denied on the merits October 27, 1997, and [appellant] now appeals. Since this is [appellant]'s first PCRA petition and it was filed by January 16, 1997, it is subject to the grace period of § 9545 and is timely. Therefore, we address the merits of his petition.

*Commonwealth v. Baxter*, No. 2296 PGH 1997, unpublished memorandum at 1-2 (Pa.Super. filed August 25, 1998). On August 25, 1998, this court affirmed the dismissal of appellant's first PCRA petition. *Id.* Appellant did not file a petition for allowance of appeal with the Pennsylvania Supreme Court.

On May 9, 2013, appellant filed a petition for writ of *habeas corpus*, which was properly treated as a serial PCRA petition.[2] Therein, appellant alleged, *inter alia*, that he was entitled to a new trial due to after-discovered evidence in the form of a May 3, 2013 affidavit by

---

[2] Appellant's petition for writ of *habeas corpus* is properly treated as a serial PCRA petition, since the PCRA is the sole means by which a defendant may obtain collateral relief and subsumes the remedy of *habeas corpus* with respect to remedies offered under the Post-Conviction Relief Act. 42 Pa.C.S.A. § 9542.

Twanda Thomas ("Thomas").[3]  Thomas averred that she was with appellant on the night of the burglary, in their home at 614 Village Road.  (Docket #47.)  Thomas stated that she was appellant's fiancée and was pregnant with their child.  (*Id.*)  According to Thomas, she contacted appellant's attorney and informed him of her availability to testify as an alibi witness at appellant's trial, but she was never called as a witness.  (*Id.*)

On October 3, 2013, the Commonwealth filed a motion to dismiss appellant's PCRA petition as untimely.  (Docket #48.)  On October 30, 2013, the PCRA court issued Rule 907[4] notice of its intention to dismiss the petition as time-barred within 30 days.  (Docket #49.)  Appellant filed a *pro se* response on November 15, 2013, asserting that Thomas' affidavit falls under the "after-discovered facts" exception to the PCRA's one-year jurisdictional time bar.  (Docket #50.)  By order dated January 17, 2014, but not entered until January 21, 2014, the petition was dismissed.  (Docket #51.)

Appellant filed a timely *pro se* notice of appeal on February 19, 2014.  (Docket #52.)[5]  On July 3, 2014, the PCRA court filed an order directing

---

[3] Most of appellant's petition was devoted to the reliability of the victim's identification.  That issue, even if properly layered in terms of counsel ineffectiveness, would not be cognizable in an otherwise untimely PCRA petition.  **Commonwealth v. Breakiron**, 781 A.2d 94, 97 (Pa. 2001) (allegations of ineffective assistance of counsel will not avoid the timeliness requirement of the PCRA).

[4] Pa.R.Crim.P. 907.

[5] We note that because the trial court's order was not docketed until January 21, 2014, the appeal is timely.  In addition, as appellant is currently

appellant to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b) within 21 days; appellant timely complied on July 22, 2014. (Docket #57.) In his Rule 1925(b) statement, appellant again raises the issue that Thomas' affidavit constitutes after-discovered evidence necessitating a new trial. (*Id.*) On February 4, 2015, the PCRA court issued a Rule 1925(a) opinion. (Docket #58.)[6]

---

incarcerated, the notice of appeal could be considered filed on February 10, 2014, the date he certified he deposited it with prison authorities for mailing. ***Commonwealth v. Jones***, 700 A.2d 423, 426 (Pa. 1997) (discussing the "prisoner mailbox rule"). We also note that appellant requested appointment of counsel to represent him on appeal; however, he is not entitled to appointment of counsel on a second or subsequent PCRA petition. ***Commonwealth v. Kubis***, 808 A.2d 196, 200 (Pa.Super. 2002), ***appeal denied***, 813 A.2d 839 (Pa. 2002). "[T]he Pennsylvania Rules of Criminal Procedure provide that the PCRA court shall appoint an attorney to represent a petitioner during his ***first*** PCRA petition when he demonstrates that he is 'unable to afford or otherwise procure counsel.'" ***Id.***, quoting Pa.R.Crim.P. 904(A) (emphasis in original).

[6] The PCRA court also dismissed the petition on the basis that appellant's sentence has expired. Our supreme court has held that, to be eligible for relief under the PCRA, the petitioner must be "currently serving a sentence of imprisonment, probation or parole for the crime." 42 Pa.C.S.A. § 9543(a)(1)(i). As soon as his sentence is completed, the petitioner becomes ineligible for relief, regardless of whether he was serving his sentence when he filed the petition. ***Commonwealth v. Ahlborn***, 699 A.2d 718, 720 (Pa. 1997); ***Commonwealth v. Matin***, 832 A.2d 1141, 1143 (Pa.Super. 2003), ***appeal denied***, 843 A.2d 1237 (Pa. 2004). Instantly, appellant was sentenced on June 29, 1990 to 5 to 20 years' incarceration. Therefore, his sentence should have expired in 2010. However, in his ***pro se*** response to Rule 907 notice, appellant alleged that the Pennsylvania Board of Probation and Parole issued a detainer due to his conviction of new federal drug charges. (Docket #50 at 3.) We need not address this issue because we determine that appellant's petition is patently untimely and that no exception to the PCRA's one-year jurisdictional time bar applies.

The standard of review for an order denying post-conviction relief is limited to whether the record supports the PCRA court's determination, and whether that decision is free of legal error. The PCRA court's findings will not be disturbed unless there is no support for the findings in the certified record. Furthermore, a petitioner is not entitled to a PCRA hearing as a matter of right; the PCRA court can decline to hold a hearing if there is no genuine issue concerning any material fact and the petitioner is not entitled to post-conviction collateral relief, and no purpose would be served by any further proceedings.

**Commonwealth v. Johnson**, 945 A.2d 185, 188 (Pa.Super. 2008),

**appeal denied**, 956 A.2d 433 (Pa. 2008), quoting **Commonwealth v.**

**Taylor**, 933 A.2d 1035, 1040 (Pa.Super. 2007) (citations omitted).

Pennsylvania law makes clear no court has jurisdiction to hear an untimely PCRA petition. **Commonwealth v. Robinson**, 575 Pa. 500, 508, 837 A.2d 1157, 1161 (2003). The most recent amendments to the PCRA, effective January 16, 1996, provide a PCRA petition, including a second or subsequent petition, shall be filed within one year of the date the underlying judgment becomes final. 42 Pa.C.S.A. § 9545(b)(1); **Commonwealth v. Bretz**, 830 A.2d 1273, 1275 (Pa.Super.2003); **Commonwealth v. Vega**, 754 A.2d 714, 717 (Pa.Super.2000). A judgment is deemed final "at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." 42 Pa.C.S.A. § 9545(b)(3).

**Commonwealth v. Monaco**, 996 A.2d 1076, 1079 (Pa.Super. 2010).

The three statutory exceptions to the timeliness provisions in the PCRA allow for very limited circumstances under which the late filing of a petition will be excused. 42 Pa.C.S.A. § 9545(b)(1).

> To invoke an exception, a petition must allege and prove:
>
> (i)    the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;
>
> (ii)    the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or
>
> (iii)    the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.
>
> 42 Pa.C.S.A. § 9545(b)(1)(i)-(iii). "As such, when a PCRA petition is not filed within one year of the expiration of direct review, or not eligible for one of the three limited exceptions, or entitled to one of the exceptions, but not filed within 60 days of the date that the claim could have been first brought, the trial court has no power to address the substantive merits of a petitioner's PCRA claims." ***Commonwealth v. Gamboa-Taylor***, 562 Pa. 70, 77, 753 A.2d 780, 783 (2000); 42 Pa.C.S.A. § 9545(b)(2).

***Id.*** at 1079-1080.

> The timeliness exception set forth in Section 9545(b)(1)(ii) requires a petitioner to demonstrate he did not know the facts upon which he based his petition and could not have learned those facts earlier by the exercise of due diligence. ***Commonwealth v. Bennett***, 593 Pa. 382, 395, 930

A.2d 1264, 1271 (2007). Due diligence demands that the petitioner take reasonable steps to protect his own interests. **Commonwealth v. Carr**, 768 A.2d 1164, 1168 (Pa.Super.2001). A petitioner must explain why he could not have obtained the new fact(s) earlier with the exercise of due diligence. **Commonwealth v. Breakiron**, 566 Pa. 323, 330-31, 781 A.2d 94, 98 (2001); **Commonwealth v. Yarris**, 557 Pa. 12, 29, 731 A.2d 581, 590 (1999). This rule is strictly enforced. **See Vega**, **supra** at 718.

**Id.** at 1080.

Instantly, the Supreme Court of Pennsylvania denied appellant's **allocatur** petition on April 9, 1992. Therefore, appellant's judgment of sentence became final for PCRA purposes on or about July 8, 1992, upon expiration of the time to file a petition for writ of **certiorari** with the United States Supreme Court. **See** 42 Pa.C.S.A. § 9545(b)(3); former U.S. Supreme Court Rule 22.1 (petition for writ of **certiorari** is deemed timely when it is filed within 90 days after denial of **allocatur**). Appellant filed the current petition, his second, on May 9, 2013, 21 years later. Therefore, appellant's current PCRA petition is manifestly untimely on its face.[7]

---

[7] "There exists a **proviso** to the 1995 amendments to the PCRA which provides a grace period for petitioners whose judgments have become final on or before the effective date of the amendments. However, the **proviso** is not applicable to second or subsequent PCRA petitions." **Johnson**, 945 A.2d at 188 n.2, citing **Commonwealth v. Thomas**, 718 A.2d 326 (Pa.Super. 1998) (**en banc**).

However, as previously stated, there are three exceptions under which a facially untimely PCRA petition may still be considered. Appellant attempts to invoke the after-discovered evidence exception[8] to the time restrictions of the PCRA, enumerated in Subsection 9545(b)(1)(ii). Appellant relies on Thomas' May 3, 2013 affidavit, in which she claims she and appellant were together at their house at the time of the burglary. Clearly, appellant was aware of the existence of this possible alibi witness prior to trial. According to Thomas' affidavit, she and appellant were engaged to be married and she was carrying his child. In fact, Thomas avers that she contacted appellant's attorney prior to trial and advised him of her willingness to testify on appellant's behalf. Thomas' affidavit does not constitute after-discovered evidence under Subsection 9545(b)(1)(ii). As appellant's petition was untimely and no exception applied, the PCRA court was without jurisdiction to consider the merits of it and did not err in dismissing the petition without a hearing.

Order affirmed.

---

[8] We recognize that Subsection 9545(b)(1)(ii) refers to previously unknown "facts," which, under certain circumstances, can include counsel ineffectiveness. **Bennett**, **supra** (allegation that appointed counsel had abandoned the appellant by failing to file an appellate brief, resulting in dismissal of the appeal, brought the appellant's claim within the ambit of Subsection 9545(b)(1)(ii)). However, for purposes of the

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 2/3/2016

---

matter **sub judice**, use of the phrase "after-discovered evidence" to describe the nature of appellant's claim is apt.